JAMES A. CRAWFORD and Another, Comprising the Firm of CRAW-FORD BROTHERS, Appellants, v. JOHN D. BOYES and Another, Comprising the Firm of BOYES & EVERY, Respondents.

Third Department, January 7, 1925.

**Sales — action to recover purchase price of car of feed — defense that order was mutually canceled — verdict in favor of defendants on issue of cancellation is against evidence.**

In an action to recover the purchase price of a carload of feed in which the defense was that the order for the feed was canceled by mutual consent, the verdict of the jury in favor of the defendant on the issue of cancellation is against the weight of the evidence and, therefore, the judgment must be reversed.

APPEAL by the plaintiffs, James A. Crawford and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 14th day of April, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of March, 1924, denying the plaintiffs' motion for a new trial made upon the minutes.

*A. G. Patterson,* for the appellants.

*Andrew J. McNaught* [*A. L. O'Connor* of counsel], for the respondents.

McCANN, J.:

On June 16, 1920, the defendants gave the plaintiffs an order for seven cars of thirty tons each of Larro feed to be delivered one car per month from June to December, the prices being specified in the order. The cars of June, July and November were received and paid for. Those to be delivered in August, September and October were canceled by the defendants who paid the plaintiffs a price agreed upon. This action was brought to recover for the December car. The defendants allege that the plaintiffs violated the terms of a contract entered into separately from the order above referred to by which it is claimed that the plaintiffs were to furnish a man to go into the territory of the defendants and help them to sell two of the cars ordered. This latter agreement is disputed by the plaintiffs. The defendants claim that the order for the December car was canceled by mutual consent. The case was tried before a jury and was submitted upon the single question as to whether there had been a cancellation of the order for the December car. The jury rendered a verdict in favor of the defendants and this appeal is taken from the judgment entered and from the order denying a motion for a new trial.

Defendants claim that on December 11, 1920, Mr. Every, one of the defendants, saw Mr. M. S. Crawford, one of the plaintiffs, at his residence; that during the conversation regarding the December car Mr. Every testified that Mr. Crawford made the following statement: "I think you have done your part and took your share of feed. I am willing as far as I am concerned, to say no more about this one car of feed." Plaintiffs claim that the above statement constituted a cancellation of the order. It evidently was not so understood by either party. December 13, 1920, the plaintiffs wrote to the defendants as follows: "Referring to the conversation we had with Mr. Every Saturday night. He stated that you had one car more of Larro back. Upon investigation we find that there are two still due you. Three you have received, two you have cancelled, and there are two yet to come. *Could you give us a definite date of shipment on these two cars?*"

This letter written by the plaintiffs was offered in evidence by the defendants and shows that the plaintiffs did not regard the December shipment as canceled. The plaintiffs offered in evidence Exhibit E, dated December 18, 1920 (seven days after the alleged conversation), and referring to the letter last mentioned the defendants wrote as follows:

"Yours of the 13th received. In regard to the cancellation we canceled August car October 4 for $243. Oct. 12 we canceled 2 cars for $675. Then the 3 we have received making 6 and one back will make the 7 cars we ordered.

"*It will be impossible for us to take this car now as we have no place to store it at present.*

"Find enclosed the Trade Acceptance for 60 days which we signed.

"Very truly,
"BOYES & EVERY."

Plaintiffs also offered in evidence Exhibit F, dated December 22, 1920, the first portion of which has reference to the indebtedness on other cars and matters not important here; the last sentence, however, reads as follows:

"And in regard to the car back please do not send as we are in no shape *to sell it or pay for it now.*
"We remain,
"Yours truly
"BOYES & EVERY."

Exhibits E and F show plainly that the defendants, notwithstanding their version of the conversation of December eleventh, did not understand that there was any cancellation of the December car. The conversation of December eleventh is contradicted by

the plaintiff M. S. Crawford who testified that the subject of the conversation on that day was with reference to extending a trade acceptance from thirty days to sixty days.

The only issue submitted to the jury is that which was involved in the question of a cancellation. This testimony summarized consists: (1) Of the conversation on December eleventh between a defendant and a plaintiff (the plaintiffs being copartners and the defendants likewise being copartners). This testimony is absolutely disputed by the plaintiff Crawford. (2) Of three letters written very soon after the alleged conversation, two of which were written by the defendants and show acknowledgment that at the time of the writing of the letters in question the order had not been canceled. The third letter written by the plaintiffs and offered in evidence by defendants shows a like understanding on the part of the plaintiffs. It cannot be said that the contents of these letters are vague or ambiguous and, therefore, require submission to a jury for interpretation. The weight of evidence is against the defendants' position in this matter. The judgment and order should be reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellants to abide the event.